UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS POWERS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No.: 16-4132-MMM ) |
| **JOSEPH HANKINS,** *et al.*, | ) ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

Plaintiff Thomas Powers, proceeding *pro se* from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed *in forma pauperis* on his claim against Defendants Joseph Hankins, Paula Lodge, Gregg Scott, and Shan Jumper.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to

"state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

Powers alleges that Defendants have retaliated against him in violation of his First Amendment rights. Specifically, Powers contends that Defendants have retaliated against him because (based upon his own admission) he is a serial litigator.

Powers claims that he suffers from various disabilities and physical ailments. Nevertheless, Defendants moved him to a smaller room, gave him a dangerous roommate who threatened him, took away his lower bunk, and confiscated his property—all because he has previously filed federal civil lawsuits against these Defendants and others.

To establish a claim for First Amendment retaliation under § 1983, Powers must demonstrate that he (1) engaged an activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter him from engaging in First Amendment activity in the future; and (3) a causal connection between the two, *i.e.*, that his First Amendment protected activity was a motivating factor in Defendants' retaliation. *Watkins v. Kasper,* 599 F.3d 791, 794 (7th Cir. 2010). Powers' Complaint makes these allegations, and therefore, his Complaint states a claim upon which relief can be granted. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016)(holding that a civil detainee stated First Amendment retaliation claim after officials had allegedly ignored his grievances, called him names, and issued veiled threats that his life would be better if he stopped complaining).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to file amended complaint [7] is GRANTED, and the Court's merit review was of Plaintiff's proposed Amended Complaint.

2. Plaintiff's motion for leave to proceed *in forma pauperis* [3] is GRANTED. Pursuant to the Court's September 1, 2016 Order, no reduced filing fee will be assessed.

3. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim against Defendants for retaliation in violation of his First Amendment rights. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing Defendants a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the Answer is necessary or will be considered.

8. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendant or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed**: **(1) to show Plaintiff's motion to proceed *in forma pauperis* [3] as GRANTED; (2) to show Plaintiff's motion for leave to amend [7] as GRANTED; (3) to file Plaintiff's proposed Amended Complaint; (4) to attempt service on Defendants pursuant the Court's standard procedures; and (5) to set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 21st day of October, 2016

                                                     s/ Michael M. Mihm
                                                   MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE